Perry Roshan-Zamir, CSB 161656
Law Offices of Perry Roshan-Zamir
2530 Wilshire Blvd., Third Floor
Santa Monica, California 90403
Telephone: (310) 582-1993
Facsimile: (310) 582-1994
Email: perry@roshan-zamir.com

Attorney for Creditor HAMID RAZIPOUR

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.  10-bk-48337-AA |
| Jerry Mark Zemming and Jill Denise Zemming | Chapter 13 |
| Debtors | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | **341 (a) Meeting of Creditors:**<br>Date: October 8, 2010<br>Time: 3:30 p.m.<br>Place: Room 103, 725 S. Figueroa St.<br>Los Angeles, California |
| | **Confirmation Hearing**<br>Date: October 23, 2010<br>Time: 10:30 a.m.<br>Ctrm: 1375<br>Place: 255 E. Temple St.<br>Los Angeles, California |
| | Judge: Alan M. Ahart |

TO: JERRY MARK ZEMMING AND JILL DENISE ZEMMING, CHAPTER 13 TRUSTEE.

Comes now creditor, HAMID RAZIPOUR, ("Unsecured Creditor" in the above-entitled Bankruptcy proceeding), pursuant to § 17400 of the California Family Code, by

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

and through its attorney, Perry Roshan-Zamir and hereby submits the following
Objections to Confirmation of the Chapter 13 Plan proposed by "Debtor" Jerry Mark
Zemming.  Creditor HAMID RAZIPOUR files this objection after the time allowed
because the Confirmation of Chapter 13 Bankruptcy Plan was served untimely on
Creditor HAMID RAZIPOUR on October 5, 2010.  Additionally, the Notice of
Continuance of the 341 (a) Meeting of Creditors was served untimely on October 5, 2010
as well.

The creditor objects to confirmation of debtor's proposed plan in that it is not
proposed in good faith as required by 11 U.S.C § 1325 (a)(3) and because the debtor will
not be able to make all payments under the plan and comply with the plan as required by
11 U.S.C § 1325 (a)(6).

Debtor plan lacks good faith for the following reasons:

1.  Creditor objects to debtor's proposed plan to the extent that debtor seeks to
pay 0% of the allowed claims of nonpriority unsecured creditors.  Creditor
attempts to pay his debts through funds which were embezzled and converted
through unlawful means.  **See Exhibit 1, Creditor Jerry Mark Zemming's
proposed Chapter 13 Plan.**  Within the past two years, Plaintiff HAMID
RAZIPOUR invested a total of $25,000.00 into the corporation named Hemp
Head Energy, Inc., a California corporation, and in turn, Defendant JERRY
ZEMMING agreed to manage Plaintiff's investment in a way so as to develop
the corporation and the name brand of the product.  Debtor Jerry Zemming
admits to the embezzlement of funds belonging to Creditor HAMID
RAZIPOUR.  Debtor admits in writing to have comingled "entrusted funds"
belonging to Hemp Head Energy, Inc., "used the checking account as if it was
one of [his] accounts", combined business accounts with personal accounts,
and fraudulently altered corporate check books to conceal his actions.  To
date, Debtor has failed to return Creditor's funds.  **See Exhibit 2, Email from
Jerry Zemming to Hamid Razipour sent on July 21, 2009.  See
Declaration of Hamid Razipour attached hereto as Exhibit 3.**

2.  Creditor objects to debtor's proposed plan to the extent that debtor has
concealed his true assets from the Bankruptcy petition set forth above.
Debtor, in his Schedule "A" Real Property disclosure stated that he was the

2
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

owner in fee simple of only one property located at 22030 Rodeffer Place, Santa Clarita, California 91350. However, examination of a Grant Deed dated November 8, 2005 indicates that Debtor Jerry Zemming is also a one-third owner of real property located in the city of Barstow, County of San Bernardino, State of California. Further, it appears that on June 18th, 2010, the loan of the Barstow property was fully reconveyed and Jerry Zemming became the owner of the real property free and clear. **A true and correct copy of the Grant Deed indicating Debtor's title to the Barstow property is attached hereto as Exhibit "4". A true and correct copy of the Deed of Trust is attached hereto as Exhibit "5". A true and correct copy of the Substituion of Trustee and Full Conveyance is attached hereto as Exhibit "6".**

Creditor also objects to debtor's proposed plan to the extent debtor seek relief which is not authorized by law. Paragraph "B" provides that Debtor will pay 0% of the allowed claims of nonpriority unsecured creditors. Creditor maintains that these claims, while unsecured, are nondischargeable, and therefore interest continues to be an ongoing liability of the debtor until the principal balance of the debt is paid.

Therefore, creditor requests that this court decline to confirm debtor's plan because as it is in bad faith and does not properly comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Unsecured Creditors.

WHEREFORE, Unsecured Creditor prays as follows:

1.  That confirmation fo the Propsoed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Unsecured Creditors within 60 months.

3

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

2. For attorneys' fees and costs herein;

3. For such other relief as this Court deems proper.

Respectfully submitted,

LAW OFFICES OF PERRY ROSHAN-ZAMIR

By: _____
Perry Roshan-Zamir
Attorney for Creditor HAMID RAZIPOUR

4

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

## DECLARATION OF PERRY ROSHAN-ZAMIR

I, Perry Roshan-Zamir, declare as follows:

I am over eighteen years old. I have been the responsible attorney for this matter and have personal knowledge of the facts stated herein and if called on would and could testify competently thereto.

This declaration is submitted in support of the Objection to Confirmation of Chapter 13 Bankruptcy Plan in the above-entitled action.

1. The Objection to Confirmation of Chapter 13 Bankruptcy Plan was untimely served on Creditor HAMID RAZIPOUR via facsimile on October 5, 2010.

2. The Debtor's Notice of Continuance of the 341 (a) Hearing was also served untimely via facsimile on October 5, 2010, contrary to the requirements of the code.

3. On October 7, 2010, I did a search on the County Recorder's website for San Bernardino and I discovered the following documents:
   a. Grant Deed dated November 8, 2005 declaring Jerry Zemming to be the one-third owner of real property located in the city of Barstow, county of San Bernardino. This property was not disclosed on Debtor's Schedule "A" Bankruptcy forms. A true and correct copy of the Grant Deed is attached hereto as Exhibit "4".
   b. Document entitled Deed of Trust dated November 8, 2005, indicating Debtor's one-third ownership of the property located in San Bernardino. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "5".
   c. A Substitution of Trustee and Full Reconveyance attached hereto as Exhibit "6" indicating that the debt on the real property was paid in full

5

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

and the property was reconveyed to Debtor on June 18, 2010.  Thus,

Debtor owns one-third of the subject property free and clear of any debt.

I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this 18th of October, 2010 at Santa Monica, California.

Perry Roshan-Zamir

6

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

| Name | Marty E. Zemming |
| Address | Wagner & Pelayes, LLP |
| | 1325 Spruce Street, Ste 200 |
| | Riverside, CA 92507 |

| Telephone | (951) 686-4800 | (FAX) | (951) 686-4801 |



**FILED**

SEP 09 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

■ Attorney for Debtor
State Bar No. __

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No.  10-48337 AA |
|---|---|
| **Jerry Mark Zemming** <br> DBA Sound, Sales, & Marketing; FDBA Hemp Head Energy <br><br> **Jill Denise Zemming** | **CHAPTER 13 PLAN** <br><br> CREDITORS MEETING: <br> Date: <br> Time: <br> Place: <br> CONFIRMATION HEARING: <br> Date: <br> Time: <br> Place: |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**

Best Case Bankruptcy

Case 2:10-bk-48337-NB   Doc 13   Filed 10/19/10   Entered 10/19/10 11:22:20   Desc
Case 2:10-bk-48337-AA   Doc 6   Filed 09/09/10   Entered 09/09/10 14:49:52   Desc
Main Document   Page 2 of 12

Chapter 13 Plan (Rev. 12/09) - Page 2                                    2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I.    PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.   Payments by Debtor of **$649.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.   The base plan amount is $ **38,940.00**  which is estimated to pay **0 %** of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.   Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.   Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.   Other property: (specify property or indicate none)
     **Second Trust Deed on real property located at 22030 Rodeffer Pace, Santa Clarita, CA, 91350, securing CitiMortgage, will be stripped pursuant to 11 USC section 506.**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

**II.   ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENTS:

1.   If there are Domestic Support Obligations, the order of priority shall be:

(a)   Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)   Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2.   If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3.   Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4.   Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.   No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| a. | Administrative Expenses | | | | | |
|----|---|---|---|---|---|---|
| (1) | Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) | Attorney's Fees | | | | | |
| (3) | Chapter 7 Trustee's Fees | | | | | |
| (4) | Other | | | | | |
| b. | Other Priority Claims | | | | | |
| (1) | Internal Revenue Service | | | | | |
| (2) | Franchise Tax Board | | | | | |
| (3) | Domestic Support Obligation | | | | | |
| (4) | Other | | | | | |
| | Internal Revenue Service | $2,215.00 | 0% | $553.75 | 4 | $2,215.00 |
| c. | Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

Case 2:10-bk-48337-NB    Doc 13    Filed 10/19/10    Entered 10/19/10 11:22:20    Desc
Case 2:10-bk-48337-AA    Main Document 09/09/Page Entered 09/09/10 14:49:52    Desc
Main Document       Page 5 of 12       2009 USBC, Central District of California

Chapter 13 Plan (Rev. 12/09) - Page 5

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐   The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■   The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

One West Bank, FSB                                              xxxxxx0140
_____                          _____
     (name of creditor)                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| | | | Cure of Default | | | |
|---|---|---|---|---|---|---|
| One West Bank, FSB | xxxxxx0140 | $32,847.00 | 0 | $576.26 | 57 | $32,847.00 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

Case 2:10-bk-48337-NB    Doc 13    Filed 10/19/10    Entered 10/19/10 11:22:20    Desc
Case 2:10-bk-48337-AA    Main Document 08/09/Page Entered 09/09/10 14:49:52    Desc
Main Document    Page 6 of 12    2009 USBC, Central District of California

Chapter 13 Plan (Rev. 12/09) - Page 6

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                                        (last 4 digits of account number)

_____          _____
(name of creditor)                                        (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

### Cure of Default

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of **$337,593.00** .
Class 5 claims will be paid as follows:

(Check one box only.)

■    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00** which is estimated to pay **0** % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

2009 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $0.00 |
| CLASS 1b | $2,215.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $32,847.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $18.80 |
| SUB-TOTAL | $35,080.80 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $3,859.20 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
   Name of Other Party:                          Description of contract/lease:
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   Name of Other Party:                          Description of contract/lease:
   -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   Creditor Name:                                Monthly Payment:
   -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   Creditor Name:                                Description:
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)
   Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.
   CACH, LLC: Debtor(s) intend to avoid lien.
   CitMortgage: Debtor(s) intend to avoid lien.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

2009 USBC, Central District of California

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:  8 - 8 - 10

Marty E. Zemming

Attorney for Debtor(s)

Jerry Mark Zemming
Debtor

Jill Denise Zemming
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F3015-1.1

Revised December 2009                                                                                          Best Case Bankruptcy
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**From:** Hemp Head Energy [mailto:info@hempheadenergy.com]
**Sent:** Tuesday, July 21, 2009 6:10 AM
**To:** HAMID RAZIPOUR (hamid@sosusa.net); 'sunstar909@yahoo.com'
**Subject:** PLEASE READ

Hamid / David

I find myself in the uncomfortable position of needing to confess one more lie. As I said yesterday, I was convinced that I would have no issue whatsoever raising not only the money needed to fully finance Hemp Heap,  I was sure I had plenty of investors to fully finance the project and to also be able to sell off a portion of my shares and solve my sudden dramatic financial need. I know Hemp Head is a multimillion dollar product, the drink market was well researched and Hemp Head Energy Drink has been subject to multiple large focus groups at every level of creation. High energy drink consumers have universally said they would buy Hemp Head if they saw it on the shelf, and based on the taste, would definitely buy it again, I knew from the beginning that Hemp Head had the potential to be a hit, and I was convinced by the reaction of all the potential investors that I showed the product to, that the money would be the easy part.

I have always been a great idea guy, I have started several businesses, and most everyone was a unique idea, and everyone was successful, what I suck at is money management, with what I have earned, I should have been were you gentlemen are financially long ago, but as much as I love to earn money, I am embarrassed to say that I have come to learn that I am a complete fuck up when it comes to managing money. Here's the situation, the business checking account is wrong, I comingled funds by paying legal zoom and some other vendors with Sound Sales debit card and then writing Sound Sales a check (maybe with a few extra bucks added on)and I used the checking account as if it was one of my accounts. I honestly thought full funding would come in and all would be good and I would be able to fix everything long before anyone would know. That does not excuse anything, I knew I had no right to touch any money entrusted to me for Hemp Head, but I was desperate for money and again, I was sure the money would come in and the accounts would balance and all would be good and no one would be the wiser.  Here's the really bad part, when it all came clear that funding was not coming and I would need to give up control of the company, I did something even I find unbelievably stupid, I freaked out and I doctored the check book to make it look better and balance, I cannot express how ashamed I am at my actions, I had a cash flow crises caused by my own lack of ability to manage my finances and I did not respond as the honest, honorable person I have always strived to be. I knew yesterday that what I did was wrong and as I was driving to the meeting I was trying to figure out what I should do since I was on the way with the doctored check book. I knew I would need to come clean, but again, I was ashamed at how I handled the money part of this venture and acted stupid (even while I knew at some point I would need to come clean) These actions are not normally me, I have always tried to live my life by the golden rule, "do unto others as you would want done to yourself", in this

case I violated not only my own morals, but I violated the trust of others, and in any culture or religion that is a sin, and again, I am ashamed of these actions, but I am more ashamed that yesterday when I had the opportunity to come clean on all, I chose to compound the lie, there is nothing I can do about this but to sincerely apologize and beg your forgiveness for misusing and abusing your trust.

Gentlemen, I hope you can move past this.  Hemp Head is a solid product and I am convinced with some one more responsible handling the finances, you will do very well on your investment.

Thanks you for your understanding and forgiveness


**Jerry Zemming**

# Hemp Head Energy
**The "Higher" Energy Drink**

**www.HempHeadEnergy.com**

## DECLARATION OF HAMID RAZIPOUR

I, Hamid Razipour, declare as follows:

I am over eighteen years old.  I declare and affirm under penalty of perjury executed within the state of California that the statements made herein are true and correct to the best of my knowledge, information and belief.

This declaration is submitted in support of the Objection to Confirmation of Chapter 13 Bankruptcy Plan in the above-entitled action.

On August 23, 2010, I filed a Complaint with the Los Angeles Superior Court for 1) Breach of Contract, 2) Fraud, 3) Conversion, 4) Common Counts, and 5) Money Had and Received against Defendant/Debtor JERRY ZEMMING.

The basis for my lawsuit is that pursuant to an oral agreement, I agreed to invest a total of $25,000.00 into the corporation named Hemp Head Energy, Inc., a California corporation, and in turn, Defendant JERRY ZEMMING agreed to manage my investment in a way so as to develop the corporation and the name brand of the products sold by Hemp Head Energy, Inc.

Our agreement was conditioned on Defendant/Debtor JERRY ZEMMING'S promise to manage the corporate funds, balance the business checking account, and maintain correct and honest account records for the corporation.

On or about July 21, 2009, I discovered that ZEMMING breached the agreement when he used embezzled my investment funds, used them for his own personal services, commingled the business accounts with personal accounts, and fraudulently altered corporate check books to further conceal his actions.  Defendant/ Debtor ZEMMING admitted such facts to me in an email attached hereto as Exhibit "2".

1

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

1   Defendant/Debtor has failed to return my funds to date, despite numerous

2   demands.

3

4   Defendant/Debtor's breach of the contract has caused harm to me in excess of

    $25,000.00, in addition to lost profits and loss of the use and value of the corporation

5   Hemp Head, Inc.

6

7   I declare under the penalty of perjury of the laws of the State of California that the

    foregoing is true and correct and that this Declaration was executed this 18th of October

8   2010 at Santa Monica, California.

9

10                                          Razipour

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    2
                  OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
28

RECORDING REQUESTED BY

CHICAGO TITLE COMPANY

AND WHEN RECORDED MAIL TO

JERRY ZEMMING
22030 W. RODEFFER PLACE
SAUGUS, CA 91350

Recorded in Official Records, County of San Bernardino   1/18/2006
8:00 AM
SG

**LARRY WALKER**

Auditor/Controller — Recorder

697 Chicago Title Co.— Misc.

Doc#:   **2006 — 0035129**

| | |
|---|---|
| Titles: 1 | Pages: 2 |
| Fees | 9.00 |
| Taxes | 159.50 |
| Other | 0.00 |
| PAID | $168.50 |

Escrow No. 56123630  -H46
Order No.  056123630 -

SPACE ABOVE THIS LINE FOR RECORDER'S USE

56130371A 33

# GRANT DEED

Assessor's Parcel No:
0181293240000

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX IS  $159.50 COUNTY

☐ unincorporated area    ☒ City of  BARSTOW

☐ computed on the full value of the interest or property conveyed, or is

☐ computed on the full value less the value of liens or encumbrances remaining at time of sale, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
LEROY M. NIELSON AND CAROLINE NIELSON, HUSBAND AND WIFE AS JOINT TENANTS

hereby GRANT(S) to
JERRY ZEMMING  ,A MARRIED MAN A HIS SOLE AND SEPARATE PROPERTY AND VICTOR
RAMOS, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY AND WAYNE
ANSTADT, A MARRIED MAN AS HIS SOLE AND SEPARTE PROPERTY, AS TENANTS
the following described real property in the          BARSTOW
County of  SAN BERNARDINO          , State of California:

PARCEL 1 OF PARCEL MAPS 4405 AS PER MAP RECORDED IN BOOK 40 OF MAPS, PAGE 43, IN THE
OFFICE OF THE RECORDER OF SAID COUNTY   SEE EXHIBIT "A" ATTACHED

0181-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

Dated  November 8, 2005

STATE OF ~~CALIFORNIA~~ Montana
COUNTY OF  Broadwater                    ) SS.
On November 17, 2005          before me,
Katrina M. Larson
a Notary Public in and for said County and State, personally appeared
Leroy M Nielson and
Caroline Nielson

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary

November 30 2008
Date My Commission Expires

LEROY M. NIELSON

CAROLINE NIELSON

KATRINA M. LARSON
NOTARIAL
SEAL
STATE OF MONTANA

FOR NOTARY SEAL OR STAMP

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE: IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE

| Name | Street Address | City, State & Zip |
|---|---|---|
| | | |

GD3 –06/02/87bk

*Exhibit A*

## ·LEGAL DESCRIPTION

PARCEL(S) 1 OF PARCEL MAP NO. 4405, IN THE COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA, AS PER PLAT RECORDED IN BOOK 40 OF PARCEL MAPS, PAGE(S) 43, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

LGLDESC1 - 04/28/89

RECORDING REQUESTED BY

CHICAGO TITLE COMPANY

AND WHEN RECORDED MAIL TO



Recorded in Official Records, County of San Bernardino    1/18/2006
8:00 AM
**LARRY WALKER**                                            SG
Auditor/Controller — Recorder

697 Chicago Title Co. — Misc.

┌─────────────────────────┐ ┌──────────────────────────┐
│  LEROY W. NIELSON        │
│  CAROLINE NIELSON        │
│  342 ROSS GULCH ROAD     │
│  TOWNSEND, CA 59644      │
└─────────────────────────┘

Doc#:  **2006 – 0035130**

| Titles: | 2 | Pages: | 5 |
|---|---|---|---|
| Fees | | | 20.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| **PAID** | | | **$20.00** |

⌐ 56130371 A33 ¬
Escrow No. 56123630 -B46
Order No. 56123630 –

SPACE ABOVE THIS LINE FOR RECORDERS USE
Assessor's Parcel No:
0181293240000

## DEED OF TRUST WITH ASSIGNMENT OF RENTS AS ADDITIONAL SECURITY

This DEED OF TRUST, made this 8TH     day of  November        , 2005        , between
JERRY ZEMMING, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, and VICTOR RAMOS, A
MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, and WAYNE ANSTADT, A MARRIED MAN AS
HIS SOLE AND SEPARATE PROPERTY

herein called TRUSTOR, whose address is 27600 BOUQUET CANYON ROAD, SANTA CLARITA, CA 91350

CHICAGO TITLE COMPANY, a California Corporation .                 herein called TRUSTEE, and
LEROY M. NIELSON & CAROLINE NIELSON

    "THIS DEED OF TRUST IS SIGNED IN COUNTERPART"

herein called BENEFICIARY, Trustor Irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale
that property In the City of      BARSTOW              County  SAN BERNARDINO
California, described as:

PARCEL 1 OF PARCEL MAPS 4405 AS PER MAP RECORDED IN BOOK 40 OF MAPS, PAGE 43, IN THE
OFFICE OF THE RECORDER OF SAID COUNTY

### SEE EXHIBIT "A" ATTACHED

0181 - 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

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon
Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 95,000.00        with interest thereon according to the terms of a
promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the
performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums
and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting
that they are secured by this Deed of Trust.

DT1PG1-08/08/94bk                                    Page 1

Escrow No: 56123630     H46                     Assessor's Parcel No: 0181293240000

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are printed on the following pages hereof, and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

*Signed in counterparts*

JERRY ZEMMING

VICTOR RAMOS

WAYNE ANSTADT

STATE OF CALIFORNIA
COUNTY OF Los Angeles } S.S.

On 1/12/06 before me, E. GONZALEZ
a Notary Public in and for said County and State, personally appeared
Jerry Zemmins
Wayne Anstadt
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY'S SIGNATURE
DT1PG2-03/03/94bk

E. GONZALEZ
COMM. # 1563754
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. MARCH 20, 2009

(THIS AREA FOR OFFICIAL NOTARIAL SEAL OR STAMP)

Page 2

RECORDING REQUESTED BY
**CHICAGO TITLE COMPANY**

AND WHEN RECORDED MAIL TO

LEROY W. NIELSON
CAROLINE NIELSON
342 ROSS GULCH ROAD
TOWNSEND, CA 59644

Escrow No: 56123630 -H46
Order No. 56123630 -

SPACE ABOVE THIS LINE FOR RECORDER'S USE
Assessor's Parcel No:
0181293240000

## DEED OF TRUST WITH ASSIGNMENT OF RENTS AS ADDITIONAL SECURITY

This DEED OF TRUST, made this 8TH    day of November    , 2005    , between
JERRY ZEMMING, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, and VICTOR RAMOS, A
MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, and WAYNE ANSTADT, A MARRIED MAN AS
HIS SOLE AND SEPARATE PROPERTY

herein called TRUSTOR, whose address is 27600 BOUQUET CANYON ROAD, SANTA CLARITA, CA 91350

CHICAGO TITLE COMPANY, a California Corporation            herein called TRUSTEE, and
LEROY M. NIELSON & CAROLINE NIELSON

herein called BENEFICIARY, Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale
that property in the City of    BARSTOW            County  SAN BERNARDINO
California, described as:
PARCEL 1 OF PARCEL MAPS 4405 AS PER MAP RECORDED IN BOOK 40 OF MAPS, PAGE 43, IN THE
OFFICE OF THE RECORDER OF SAID COUNTY

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon
Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $95,000.00            with interest thereon according to the terms of a
promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the
performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums
and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting
that they are secured by this Deed of Trust.
DT1PG1-08/08/94bk                    **Page 1**

Escrow No: 56123630    H46                    Assessor's Parcel No: 0181293240000

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are printed on the following pages hereof, and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

*Signed in Counterparts*

STATE OF CALIFORNIA
COUNTY OF _____Riverside_____ ) S.S.

On _____January 8 2005_____ before me,
_____Victoria Dean_____
a Notary Public in and for said County and State, personally appeared
_____Victor Ramos_____

JERRY ZEMMING

~~VICTOR RAMOS~~

WAYNE ANSTADT

personally known to me ~~(or proved to me on the basis of satisfactory evidence)~~ to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____Victoria Dean_____
NOTARY'S SIGNATURE

DT1PG2-08/08/94bk

VICTORIA DEAN
Commission # 1563714
Notary Public - California
Riverside County
My Comm. Expires Mar 24, 2009
(THIS AREA FOR OFFICIAL NOTARIAL SEAL OR STAMP)

Page 2

*Exhibit A*

# LEGAL DESCRIPTION

PARCEL(S) 1 OF PARCEL MAP NO. 4405, IN THE COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA, AS PER PLAT RECORDED IN BOOK 40 OF PARCEL MAPS, PAGE(S) 43, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

LGLDESC1 - 04/28/99

**Exhibit 6**

**Recording Requested By**
First American Title Company

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Jerry Zemming et al
22030 Rodeffer Place
Santa Clarita, CA 91350



**LARRY WALKER**
Auditor/Controller - Recorder
838 First American Title Company

Doc #: **2010-0408964**

| Titles: 2 | Pages: 3 |
|---|---|
| Fees | 42.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 42.00 |

Space Above This Line for Recorder's Use Only

A.P.N.: 0181-293-24-0-000

File No.: SSB-3347534 (CZ)

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

The Undersigned, present Beneficiary under that certain Deed of Trust dated **NOVEMBER 8, 2005** executed by **Jerry Zemming, a married man as his sole and separate property, Victor Ramos, a married man as his sole and separate property and Wayne Anstadt, a married man as his sole and separate property**, as Trustor to **Chicago Title Insurance company, A California Corporation** as original Trustee and recorded on **JANUARY 18, 2006** as Instrument No. **2006-35130**, in Book --, Page(s) --, Official Records of the County of **San Bernardino**, State of **California**, **HEREBY APPOINTS AND SUBSTITUTES THE UNDERSIGNED** as the new and substituted Trustee thereunder in accordance with the terms and provisions contained therein, whose address is **1930 Spokane Creek Road, East Helena, MT 59635.**

As such duly appointed and substituted Trustee thereunder, the undersigned **DOES HEREBY RECONVEY** to the person or persons legally entitled thereto, without warranty all the estate, title and interest acquired by the original Trustee and by the undersigned as the said substituted Trustee under said Deed of Trust. Wherever the text of this document so requires, the singular includes the plural.

Dated: __June 18th, 2010__

LEROY M. NIELSEN

CAROLINE NIELSEN

STATE OF _Montana_  )SS
COUNTY OF _Lewis & Clark_  )

On _June 21_, _2010_, before me, _Annette . Baird_, Notary
Public/personally appeared _Le Roy M. Nielson and Caroline_
_Nielson_, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature
_Annette J. Baird_

```
        ANNETTE BAIRD
   NOTARY PUBLIC for the
       State of Montana
  Residing at Helena, Montana
   My Commission Expires
        June 25, 2011
```

My Commission Expires: _June 25, 2011_

Notary Name: _Annette T. Baird_

Notary Registration Number: _N/A_

_This area for official notarial seal_

Notary Phone: _(406) 449-2265_
County of Principal Place of Business: _Lewis & Clark_

# GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the Notary Seal on the document to which this statement is attached reads as follows:

NAME OF THE NOTARY: *Annette Baird*

COMMISSION NUMBER: _____

COUNTY WHERE BOND IS FILED: *State of Montana*

COMMISSION EXPIRATION DATE: *June 25, 2011*

I certify under penalty of perjury and the laws of the State of California that the illegible portion of this document to which this statement is attached reads as follows:

_____
_____
_____
_____
_____
_____
_____
_____

State of California )
County of _____

On_____before me, _____a Notary Public, personally appeared_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/theirs authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official Seal.
Signature_____ (Seal)

PLACE OF EXECUTION: ____San Bernardino____ DATE: *10/01/10.*

SIGNATURE *Claudia Garcia*